**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

OTIS WORLDWIDE CORPORATION AND
OTIS ELEVATOR COMPANY,

Defendants

Civil Action No. 1:23-CV-10612-MIJ

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendants Otis Elevator Company
and Otis Worldwide Corporation (collectively "Otis" or "Defendants") move for summary
judgment, and respectfully request that this Court enter an order dismissing the entire Complaint
with prejudice.

As set forth in the accompanying Memorandum of Law and Statement of Undisputed Facts,
Plaintiff Equal Employment Opportunity Commission ("EEOC") cannot establish the essential
elements of any of its claims. First, the failure to accommodate claim fails as a matter of law for
at least three independent reasons. First, the undisputed record evidence establishes that Charging
Party Cameron Bateman was not a qualified individual under the Americans with Disabilities Act
because his medical conditions both prevented him from performing the essential functions of his
job and posed a significant and established risk of serious injury or death to himself and others.
Second, the record is clear that no reasonable accommodation existed that would have enabled
Bateman to perform the essential functions of his job. Finally, granting Bateman's accommodation
request would have imposed an undue hardship on Otis.

326920703

Moreover, the EEOC's failure to engage in the interactive process claim fails as a matter of law because the undisputed record evidence shows that Otis engaged in an extensive interactive process with Bateman, consulting with him, his managers, his medical providers, and Otis' consulting physician to try to identify a reasonable accommodation that would enable him to perform the essential functions of his job.

Finally, the EEOC's retaliation claim fails because there is no evidence in the record that Otis took any materially adverse employment action toward Bateman following his request for accommodation—let alone that it took any adverse action toward him *because* he requested a workplace accommodation.

For all of these reasons and those set forth in the accompanying Memorandum of Law, Defendants respectfully request that this Court: (1) grant the instant motion, and (2) enter an order dismissing the Complaint, with prejudice.

In support of this Motion, Defendants rely on the accompanying Memorandum of Law, Statement of Undisputed Facts, and exhibits filed with this Motion.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Defendants request oral argument per Local Rule 7.1(d).

<u>**LOCAL RULE 7.1(a)(2) CERTIFICATE**</u>

I certify that, pursuant to Local Rule 7.1(a)(2), on June 29-30, 2026, Defendants' counsel conferred by email with Plaintiff's counsel in a good faith attempt to resolve or narrow areas of disagreement with respect to this Motion.

*/s/ Emily J. Miller*
Emily J. Miller

1

**DATED: July 1, 2026**

Respectfully submitted,

OTIS WORLDWIDE CORPORATION and
OTIS ELEVATOR COMPANY,

By Their Attorneys,

/s/ *Emily J. Miller*

Emily J. Miller (BBO No. 705662)
emmiller@seyfarth.com
Abigail D. Skinner (BBO No. 709705)
askinner@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801


Andrew L. Scroggins (*pro hac vice*)
ascroggins@seyfarth.com
Sarah Bauman (*pro hac vice*)
sbauman@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first class and electronic mail to those indicated as non-registered participants on July 1, 2026.

/s/ *Emily J. Miller*

2

326920703